Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL BOSTIC,<br><br>Plaintiff<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant | ) | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.;**<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

MICHAEL BOSTIC ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RASH CURTIS & ASSOCIATES ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Seaside, California 93955.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C.

§1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a national debt collection company with its corporate headquarters located at P.O. Box 5790, Vacaville, California 95696.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Debt collection is the principal purpose of Defendant's business.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Plaintiff has a cellular telephone.

15. Plaintiff has only used this phone as a cellular telephone.

16. Beginning in or around May 2015 and continuing through in or about February 2018, Defendant called Plaintiff's cellular telephone attempting to reach

Plaintiff's brother, Jordan Bostic.

17. Defendant has contacted Plaintiff from the following number, including but not limited to: (707) 454-2010. The undersigned has confirmed that this phone number belongs to the Defendant.

18. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or pre-recorded voice or message.

19. Plaintiff knew he was receiving automated calls from Defendant since calls began with a noticeable pause or delay before the calls were connected to one of Defendant's collectors.

20. Plaintiff told Defendant when the calls first began that Defendant had a wrong number and to stop calling him.

21. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

22. Further, any continued calls could only have been placed in order to harass Plaintiff.

23. Rather than restrict its calls from Plaintiff's cellular telephone number, Defendant continued to call Plaintiff in its attempts to contact Jordan Bostic.

24. Plaintiff reiterated his request for calls to stop subsequent to this

initial request, but the calls continued.

25. Plaintiff knew Defendant was calling him because he spoke to various collectors from this company who stated or identified their company name.

26. These collection calls were aggravating and annoying for Plaintiff to endure throughout this time period.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

33. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint in Count I.

**COUNT III**
**DEFENDANT VIOLATED THE TCPA**

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

36. Defendant's calls to Plaintiff were not made for emergency purposes.

37. Defendant's calls to Plaintiff, on and after May 2015, were not made with Plaintiff's prior express consent.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, MICHAEL BOSTIC, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to Cal. Civ. Code § 1788.30(b);

d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3) and Cal. Civ. Code § 1788.30(c);

e. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

f. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL BOSTIC, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: January 31, 2019 By: */s/ Amy L. Bennecoff Ginsburg*

Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com